IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| LITHIUMHUB, LLC AND<br>LITHIUMHUB TECHNOLOGIES, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SHENZHEN LITIME TECHNOLOGY<br>CO., LTD.<br>Room 301, Building B, Baolong 5th Road,<br>Baolong Community, Baolong Street,<br>Shenzhen, Guangdong, China<br><br>    Defendant. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, LithiumHub, LLC and LithiumHub Technologies, LLC (hereinafter "LithiumHub" or "Plaintiffs"), by and through their attorneys, file this Complaint against Defendant Shenzhen LiTime Technology Co., Ltd. (hereinafter "Defendant" or "LiTime") and allege as follows:

**NATURE OF THE CASE**

1. This is a civil action for patent infringement of U.S. Patent Nos. 9,412,994 and 9,954,207 (collectively, "Asserted Patents") arising under the laws of the United States 35 U.S.C. §§ 271 *et seq*. The Asserted Patents relate to control circuits for efficient fault detection and correction of Lithium-Ion batteries.

**THE PARTIES**

2. LithiumHub Technologies, LLC is a limited liability company organized and existing under the laws of the State of Texas, having a principal place of business at 104 E Houston Street, Suite 150, Marshal, Texas 75670-4144.

3. LithiumHub, LLC is a limited liability company organized and existing under the laws of South Carolina with a principal place of business at 125 Tate Road, Norris, South Carolina 29667.  LithiumHub, LLC is an exclusive licensee to the Asserted Patents and designs and sells ionic lithium batteries, accessories and other lithium products throughout the United States.

4. On information and belief, Defendant LiTime is a Chinese corporation with its principal place of business at Room 301, Building B, Baolong 5th Road, Baolong Community, Baolong Street, Shenzhen, Guangdong, China.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C §§ 271 *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendant pursuant to the Constitution of the United States of America and/or the Texas Long Arm Statute.  On information and belief, Defendant has purposefully manufactured and/or distributed into the stream of commerce, Lithium-Ion batteries that infringe one or more claims of each of the Asserted Patents, through established distribution channels with the expectation that those products would be sold in the United States, the State of Texas, and in this District.  Further, Defendant has (themselves and/or through the activities of subsidiaries, affiliates, or intermediaries) committed and continue to commit acts of patent infringement in the United States, the State of Texas, and this District, including as least inducing others to commit acts of patent infringement in the United States, the State of Texas, and this District.

8. In particular, LiTime sells for importation and/or imports into the United States infringing Lithium-Ion batteries under the brand name "LiTime" that, on information and belief, are sold after importation by at least LiTime, of which directly infringes one or more claims of the Asserted Patents by such sales.

9. Accordingly, Defendant has established minimum contacts within Texas and purposefully availed itself of the benefits of Texas, and the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. In addition, or in the alternative, this Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2)

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c)(3) because Defendant is not a resident in the United States and thus may be sued in any judicial district.

## THE ASSERTED PATENTS

11. On August 9, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,412,994 (the "'994 Patent") entitled "Lithium Starter Battery and Solid State Switch Therefor." The '994 Patent is valid and enforceable and is directed to patentable subject matter. A true and correct copy of the '994 Patent is attached as Exhibit A.

12. On April 24, 2018, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,954,207 (the "'207 Patent") entitled "Lithium Starter Battery with Solid State Switch." A true and correct copy of the '994 Patent is attached as Exhibit B.

13. Plaintiffs, through assignment and license, are the sole and exclusive owners of all rights, title, and interest to and in the '994 and '207 Patents (collectively, "Asserted Patents"). Attached as Exhibit C is a true and accurate copy of the assignments of the patents to Plaintiff LithiumHub Technologies, LLC as recorded with the United States Patent and Trademark

Office.

14. Plaintiffs hold the exclusive right to take all actions necessary to enforce their rights to the '994 and '207 Patents, including the filing of this patent infringement lawsuit. Plaintiffs also have the right to recover all damages for past, present, and future infringement of the '994 and '207 Patents and to seek injunctive relief as appropriate under the law.

## BACKGROUND

15. The subject matter of this Complaint relates generally to control circuits for efficient fault detection and correction of lithium-ion batteries.

16. Inventor and entrepreneur Martin Koebler has worked in the rechargeable battery industry for many years. In about 2010, he developed new control circuits for efficient fault detection and correction of Lithium-Ion batteries. These new circuits included a solid-state switching configuration designed to protect the batteries from conditions such as over-charging, over-discharging, and short circuiting.

17. LithiumHub owns a portfolio of patents invented by founder Martin Koebler. Martin Koebler, the named inventor of the Asserted Patents, founded SuperLattice Inc., in 2007. While self-employed at SuperLattice Inc., Mr. Koebler researched, designed, and developed an initial version of the technology that subsequently became the technology covered by the Asserted Patents. SuperLattice, Inc. changed its name to StarkPower, Inc. While self-employed at StarkPower, Inc. Mr. Koebler researched, designed, and developed the technology covered by the Asserted Patents. Mr. Koebler filed provisional patent applications on the developed technology in late 2010 and early 2011. In 2018, StarkPower, Inc. failed to meet its financial obligations and ceased all operations. In 2019 it entered bankruptcy and its assets were sold. Mr. Koebler purchased the Asserted Patents in the bankruptcy sale in 2020.

18. Following the failure of Stark Power, in 2018, Mr. Koebler started LithiumHub, LLC. While self-employed at LithiumHub, LLC, Mr. Koebler and LithiumHub, LLC researched, developed, and designed Products and associated accessory products covered by the Asserted Patents. Mr. Koebler and through his company Licensee LithiumHub, LLC made significant investments bringing the Products and associated accessories to market. Mr. Koebler through LithiumHub, LLC continues to innovate and invest in new and exciting products for customers in this industry.



19. Mr. Koebler is an Engineer, Inventor, Entrepreneur, and Employer.

20. Mr. Koebler's discovery included designing circuits in an unconventional manner where solid-state switches, for example, Metal Oxide Field Effect Transistors (MOSFETS), could be arranged in a parallel configuration of pairs of switches in series with their "source" terminals or their "drain" terminals connected together within the pair of switches. Mr. Koebler's new control circuits allow normal operations of charging and discharging when both switches within the pair are "on" allowing current to flow through each switch to the battery

cells.  However, when a fault condition is detected, the controller can turn "off" one or both of the switches independently of the other.  For example, in an over-voltage condition, one switch can be turned off preventing further charging of the battery while the other switch is left on, which allows the battery to continue to supply power.  In a fault condition where the battery is supplying too little current, the condition of the switches can be reversed, preventing further discharge of the battery while still allowing it to be charged. By way of additional example, in a condition where the output of the battery forms a short-circuit, the battery may overheat and be permanently damaged.  If this condition is detected, the controller can turn both switches off until the condition is no longer present.

21. While these types of circuits are mostly applicable to larger deep cycle batteries, the circuit configuration and control could be advantageous in some other cases.

22. Exclusive Licensee LithiumHub, LLC's Ionic branded Lithium-Ion batteries are depicted below:



*Available at* https://lithiumhub.com/product/24v-50ah-lithium-lifepo4-deep-cycle-battery/.

## **DEFENDANT'S INFRINGING PRODUCTS**

23. Defendants have committed acts of patent infringement by making, using, selling, offering to sell, and/or importing infringing lithium-ion batteries under the brand name "LiTime." ("the Accused Products").

24. Defendant sells the Accused Products in the United States after importation through its website www.litime.com, and operates the "LiTime" online store on the Amazon ecommerce platform.



*Available at* https://www.litime.com/pages/all-products.



*Available at*  https://www.amazon.com/stores/LiTime/page/71D18660-BA69-4469-B357-89B6667BC660?ref_=ast_bln&store_ref=bl_ast_dp_brandLogo_sto.

25. On information and belief, Defendant operates warehouses within the United States where the Accused Products are stored before delivery to customers in the United States. https://www.litime.com/pages/shipping-policy ("We currently have 4 local warehouses in Los Angeles, California, and Dallas, Texas.")

26. The Accused Products include those offered on its website, including: 12V 6Ah; 12V 12Ahl; 12V 50Ah; 12V 100Ah; 12V 100Ah Max; 12V 100Ah Mini; 12V 100Ah Group 24 ;

12V 100Ah Group 24 Bluetooth; 12V 100Ah TM; 12V 100Ah TM Bluetooth ; 12V 100Ah Outboard Motor; 12V 100Ah Self-Heating; 12V 200Ah Self-Heating; 12V 200Ah; 12V 200Ah Plus; 12V 200Ah Plus Self-Heating; 12V 230Ah Plus Low-Temp; 12V 280Ah Plus Low-Temp; 12V 300Ah; 12V 400Ah; 12V 460Ah; 24V 25Ah;  24V 100Ah;  24V 100Ah Bluetooth; 24V 200Ah; 24V 230Ah; 36V 55Ah Trolling Motors;  36V 60Ah Golf Carts; 36V 100Ah Golf Carts; 36V 100Ah Outboard Motors; 48V 100Ah; 51.2V 30Ah Golf Cart;  51.2V 30Ah Bluetooth Golf Cart;  51.2V 60Ah Golf Cart; 51.2V 100Ah; 51.2V 100Ah ComFlex;  51.2V 100Ah Bluetooth Golf Cart; and the 320W Power Station.  LithiumHub reserves the right to identify additional infringing products that may be revealed in discovery.

## COUNT I: FIRST CLAIM FOR RELIEF
**(Infringement of the '994 Patent)**

27.  Plaintiffs incorporate by reference the preceding paragraphs 1-26 as if fully stated herein.

28.  At least by Defendant's activities relating to making, using, selling, offering to sell, distributing, and/or importing into the United States the Accused Products, Defendant has infringed at least claims 1 and 14 of the '994 Patent.

29.  A claim chart applying claims 1 and 14 of the '994 Patent to a representative Lithium-Ion battery of Defendant is attached hereto as Exhibit D.  In particular, the claim chart demonstrates how the representative LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery satisfies each and every limitation of these claims.  The LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery is representative of the Accused Products because, on information and belief, each of the LiTime-branded Accused Products is substantially similar to the LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery in all ways material to the claims of the '994 Patent.

Further, the claims analyzed in this claim chart are merely exemplary and Plaintiffs reserve the right to assert additional claims in this litigation.

30. The Accused Products satisfy element [1p] of the '994 Patent as shown in Exhibit D.

31. The Accused Products satisfy element [1a] of the '994 Patent as shown in Exhibit D.

32. The Accused Products satisfy element [1b] of the '994 Patent as shown in Exhibit D.

33. The Accused Products satisfy element [1c-i] of the '994 Patent as shown in Exhibit D.

34. The Accused Products satisfy element [1c-ii] of the '994 Patent as shown in Exhibit D.

35. The Accused Products satisfy element [1c-iii] of the '994 Patent as shown in Exhibit D.

36. The Accused Products satisfy element [1d] of the '994 Patent as shown in Exhibit D.

37. The Accused Products satisfy element [14p] of the '994 Patent as shown in Exhibit D.

38. The Accused Products satisfy element [14p] of the '994 Patent as shown in Exhibit D.

39. The Accused Products satisfy element [14a] of the '994 Patent as shown in Exhibit D.

40. The Accused Products satisfy element [14b] of the '994 Patent as shown in

Exhibit D.

41. The Accused Products satisfy element [14c-i] of the '994 Patent as shown in Exhibit D.

42. The Accused Products satisfy element [14c-ii] of the '994 Patent as shown in Exhibit D.

43. The Accused Products satisfy element [14c-iii] of the '994 Patent as shown in Exhibit D.

44. The Accused Products satisfy element [14d] of the '994 Patent as shown in Exhibit D.

45. Therefore, Defendant has directly infringed and continue to directly infringe the '994 Patent, literally and under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, at least one claim of the '994 Patent including, for example and without limitation, claims 1 and 14 of the '994 Patent, through its making, using, selling, offering to sell, and/or importing of the Accused Products.

46. Defendant has also indirectly infringed and continue to indirectly infringe one or more claims of the '994 Patent including, for example and without limitation, claims 1 and 14 of the '994 Patent under 35 U.S.C. § 271(b).  Specifically, Defendant intends and encourages the Accused Products to be used, sold, offered for sale, and/or imported into the United States by importers, distributors, retailers, resellers, customers, and/or end users.

47. Defendant has actual knowledge of the '994 Patent, and knowledge of its infringement of the same, or has been at least willfully blind to such infringement, from at least the filing of the ITC Complaint alleging infringement of the '994 Patent by Defendant and certain of its importers, distributors, retailers, resellers, customers, and/or end users.

48. These importers, distributors, retailers, resellers, customers, and/or end users directly infringe at least one claim of the '994 Patent by using, selling, offering to sell, and/or importing the Accused Products. In particular, the importers, distributors, retailers, resellers, customers, and/or end users directly infringe at least claims 1 and 14 of the '994 Patent as set forth in the claim chart.

49. LithiumHub has been damaged by Defendant's infringement of the '994 Patent and will continue to be damaged in the future unless Defendant is enjoined from infringing the '994 Patent.

50. Defendant's infringement has been willful. Defendant has known of the Accused Products' infringement of the '994 Patent at least since the filing of a Complaint against them at the International Trade Commission on September 12, 2024. As such, Defendant has continued its infringement of the '994 Patent despite an objectively high likelihood that its actions constituted infringement of these valid patents.

51. LithiumHub is entitled to recover all damages sustained as a result of Defendant's wrongful acts of infringement, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

52. Defendant's infringement has been and continues to be willful and exceptional. Accordingly, LithiumHub is entitled to recover enhanced damages up to three time the amount found or assessed at trial pursuant to 35 U.S.C. § 284, as well as its attorneys' fees pursuant to 35 U.S.C. § 285.

53. LithiumHub has satisfied the notice and/or marking provision of 35 U.S.C. § 287.

## COUNT II: SECOND CLAIM FOR RELIEF

**(Infringement of the '207 Patent)**

54. Plaintiffs incorporate by reference the preceding paragraphs 1-53 as if fully stated herein.

55. At least by Defendant's activities relating to making, using, selling, offering to sell, distributing, and/or importing into the United States the Accused Products, Defendant has infringed at least claims 1 and 12 of the '207 Patent.

56. A claim chart applying claims 1 and 12 of the '207 Patent to a representative lithium-ion battery of Defendant is attached hereto as Exhibit E.  In particular, the claim chart demonstrates how the representative LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery satisfies each and every limitation of that claim.  The LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery is representative of the Accused Products because, on information and belief, each of the LiTime-branded Accused Products is substantially similar to the LiTime 12V 100Ah Group 24 LiFePO4 Lithium Battery in all ways material to the claims of the '207 Patent.  Further, the claims analyzed in this claim chart are merely exemplary and Plaintiffs reserve the right to assert additional claims in this litigation.

57. The Accused Products satisfy element [1p] of the '207 Patent as shown in Exhibit E.

58. The Accused Products satisfy element [1a] of the '207 Patent as shown in Exhibit E.

59. The Accused Products satisfy element [1b] of the '207 Patent as shown in Exhibit E.

60. The Accused Products satisfy element [1c-i] of the '207 Patent as shown in Exhibit E.

61. The Accused Products satisfy element [1c-ii] of the '207 Patent as shown in Exhibit E.

62. The Accused Products satisfy element [1c-iii] of the '207 Patent as shown in Exhibit E.

63. The Accused Products satisfy element [1d] of the '207 Patent as shown in Exhibit E.

64. The Accused Products satisfy element [12p] of the '207 Patent as shown in Exhibit E.

65. The Accused Products satisfy element [12a] of the '207 Patent as shown in Exhibit E.

66. The Accused Products satisfy element [12b] of the '207 Patent as shown in Exhibit E.

67. The Accused Products satisfy element [12c] of the '207 Patent as shown in Exhibit E.

68. The Accused Products satisfy element [12d-i] of the '207 Patent as shown in Exhibit E.

69. The Accused Products satisfy element [12d-ii] of the '207 Patent as shown in Exhibit E.

70. The Accused Products satisfy element [12d-iii] of the '207 Patent as shown in Exhibit E.

71. The Accused Products satisfy element [12e] of the '207 Patent as shown in Exhibit E.

72. Therefore, Defendant has directly infringed and continues to directly infringe the

'207 Patent, literally and under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, at least one claim of the '207 Patent including, for example and without limitation, claims 1 and 12 of the '207 Patent, through its making, using, selling, offering to sell, and/or importing of the Accused Products.

73. Defendant has also indirectly infringed and continues to indirectly infringe one or more claims of the '207 Patent including, for example and without limitation, claims 1 and 12 of the '207 Patent under 35 U.S.C. § 271(b).  Specifically, Defendant intends and encourages the Accused Products to be used, sold, offered for sale, and/or imported into the United States by importers, distributors, retailers, resellers, customers, and/or end users.

74. These importers, distributors, retailers, resellers, customers, and/or end users directly infringe at least one claim of the '207 Patent by using, selling, offering to sell, and/or importing the Accused Products.  In particular, the importers, distributors, retailers, resellers, customers, and/or end users directly infringe at least claims 1 and 12 of the '207 Patent as set forth in the claim chart.

75. Defendant has actual knowledge of the '207 Patent, and knowledge of its infringement of the same, or has been at least willfully blind to such infringement, from at least the filing of the ITC Complaint alleging infringement of the '207 Patent by Defendant and certain of its importers, distributors, retailers, resellers, customers, and/or end users.

76. LithiumHub has been damaged by Defendant's infringement of the '207 Patent and will continue to be damaged in the future unless Defendant is enjoined from infringing the '207 Patent.

77. Defendant's infringement has been willful.  Defendant has known of the Accused Products' infringement of the '207 Patent at least since the filing of a Complaint against them at

the International Trade Commission on September 12, 2024. As such, Defendant has continued its infringement of the '207 Patent despite an objectively high likelihood that its actions constituted infringement of these valid patents.

78. LithiumHub is entitled to recover all damages sustained as a result of Defendant's wrongful acts of infringement, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284.

79. Defendant's infringement has been and continues to be willful and exceptional. Accordingly, LithiumHub is entitled to recover enhanced damages up to three time the amount found or assessed at trial pursuant to 35 U.S.C. § 284, as well as its attorneys' fees pursuant to 35 U.S.C. § 285.

80. LithiumHub has satisfied the notice and/or marking provision of 35 U.S.C. § 287.

## DAMAGES

81. Plaintiffs incorporate by reference the preceding paragraphs 1-80 as if fully stated herein.

82. The Defendant's acts of infringement of the '994 and '207 Patents as alleged above have injured Plaintiffs and their licensees, thus, Plaintiffs are entitled to recover damages adequate to compensate it for its licensees' lost profits from that infringement, including its costs, and pre-judgment and post-judgment interest per 35 U.S.C. § 284.

83. Additionally, and in the alternative, the Defendant's acts of infringement of the '994 and '207 Patents as alleged above have injured Plaintiffs and Plaintiffs are entitled to recover damages which in no event can be less than a reasonable royalty, including its costs, and pre-judgment and post-judgment interest per 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable, including Defendant's counterclaims and affirmative defenses, if any.

## PRAYER FOR RELIEF

Plaintiffs respectfully request the following relief:

a. That Defendant has infringed one or more claims of both the '994 and '207 Patents;

b. A judgment that Defendant has willfully infringed the Asserted Patents;

c. A permanent injunction enjoining the Defendant, together with its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and those persons in active concert participation with them, from directly and/or indirectly infringing the Asserted Patents;

d. An award of damages adequate to compensate Plaintiffs for Defendant's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284.

e. An increase in the damages award up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

f. That Plaintiffs be granted pre-judgment and post-judgment interest on the damages caused by reason of Defendant's infringement of the '994 and '207 Patents;

g. That the Court declare this case exceptional, in favor of Plaintiffs, under 35 U.S.C. § 285 and that Plaintiffs be granted its attorneys' fees in this action;

h. That costs be awarded to the Plaintiffs;

i. Such other and further relief as the Court deems just and proper.

Dated: September 13, 2024                    Respectfully submitted,

*/s/ Geoff Culbertson*
Geoff Culbertson
TX Bar No. 24045732
Kelly Tidwell
TX Bar No. 20020580
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard (75503)
PO Box 5398
Texarkana, TX 75505-5398
(903)792-7080
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Tim F. Williams *(pro hac vice pending)*
Lead Attorney
Scott Cole *(pro hac vice pending)*
Mark H. Johnson
TX Bar No. 24106144
DORITY & MANNING, P.A.
75 Beattie Place, Suite 1100
Greenville, SC 29601
(864) 271-1592
timw@dority-manning.com
scole@dority-manning.com
mjohnson@dority-manning.com

Nicole S. Cunningham
Steven A. Moore
Helen Y. Zhang *(pro hac vice pending)*
DORITY & MANNING, P.A.
2869 Historic Decatur Rd.,
San Diego CA 92106
(800) 815-6705
ncunningham@dority-manning.com
smoore@dority-manning.com
hzhang@dority-manning.com

*Attorneys for Plaintiffs*